STATE OF NEBRASKA, APPELLEE, v. ANDREW PAUL SCHNATZ, APPELLANT.

233 N. W. 2d 778

Filed October 9, 1975. No. 40003.

Andrew Paul Schnatz, pro se.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

SPENCER, J.

Andrew Paul Schnatz appeals from an order dismissing his application for a writ of error coram nobis. We affirm.

On October 18, 1971, Schnatz, while represented by private counsel, pled nolo contendere in the county court of Gage County, Nebraska, to a complaint charging petit larceny. The court accepted defendant's plea, found him guilty, fined him $30 and costs, and ordered him to make restitution in the sum of $36.45. The fine, costs, and restitution were paid.

Three years later, on October 16, 1974, applicant filed an application in the county court for a writ of error coram nobis. He sought to have the conviction vacated and expunged from the records of the court on two grounds: (1) He was not effectively represented by counsel; and (2) the county judge did not advise him that by paying the fine and costs he waived his right to an appeal.

Hearing was had on the application on October 21, 1974. No sworn testimony or other evidence was adduced. The county attorney presented an argument for the State. The appellant, appearing pro se, made statements to the court. The application was denied.

Appellant took an appeal to the District Court. On the hearing there, no sworn testimony was taken. The only evidence adduced was a bill of exceptions from the county court which contained no evidence. The only sworn testimony taken in either court was the testimony in District Court regarding appellant's indigency at that moment and his inability to pay the

costs of appeal. The county court's dismissal was affirmed and this appeal resulted.

The common law writ of error coram nobis is intended to correct a judgment in the same court in which it was rendered on the ground of error of fact for which the statute provides no other remedy. It is available when that error of fact does not appear of record or was unknown to the court when the judgment was pronounced and which if known would have prevented the judgment. The writ of error coram nobis is not a substitute for the statutory remedy of a writ of error under the Nebraska criminal procedure. Hawk v. State (1949), 151 Neb. 717, 39 N. W. 2d 561.

Schnatz is seeking to vacate the original county court judgment because his attorney did not fully explain his legal rights. Obviously, this is not cognizable under a writ of error coram nobis. In any event, appellant was represented by privately retained counsel of his own choice.

Schnatz also argues the failure of the county judge to advise him that by paying the fine and costs he would waive his opportunity for an appeal was a violation of his constitutional rights. If the county judge had the obligation to do so, it would not be cognizable by a writ of error coram nobis.

Appellant Schnatz appears pro se in this court. In an appeal the appellant has the burden of establishing that there was error in the proceedings from which he appeals. This rule is so fundamental that it needs no citation of authority. Here, appellant adduced no proof of any nature to sustain his allegations which, as suggested heretofore, are not cognizable under a writ of error coram nobis. His application was properly dismissed.

Judgment affirmed.

AFFIRMED.

WHITE, C. J., not participating.